CITIES SERVICE GAS CO. v. KELLY–
DEMPSEY & CO., Inc.

No. 2675.

District Court, N. D. Oklahoma.
May 17, 1939.

R. O. Mason and Frank Bacon, both of Bartlesville, Okl., for plaintiff.

Horace G. McKeever, of Enid, Okl. (McKeever, Stewart & McKeever, of Enid, Okl., of counsel), for defendant.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted for the recovery of a money judgment upon a written contract entered into between plaintiff and the defendant, on November 14, 1931. The contract sued upon was executed in compromise of a pending law suit between the same parties, and the pertinent provisions are set forth in the subjoined note[a].

a "(d) As a further consideration from Construction Company to Gas Company, under the terms hereof, it is agreed that if Construction Company shall hereafter be the successful bidder upon or awarded any pipeline construction work for Gas Company, or its subsidiaries, or associated or affiliated companies, as hereinafter designated, that a portion of the profits, as herein provided, arising by reason of such Contracts, shall be paid to Gas Company to the extent of the sum of $50,-000.00, but it is specifically understood and agreed that the obligation of said Construction Company to pay said $50,-000.00 is contingent and not absolute and is conditioned only upon Construction Company hereafter being awarded construction contracts and realizing profits thereunder, from which fund, and only from such fund, the said $50,000.00 shall be taken and paid.

"Second: It is agreed that if and as, within the terms of this Agreement, Construction Company shall be awarded contracts by said first party, or by its subsidiaries or associated or affiliated companies, as hereinafter designated, then, in such event, if any one or more of the said five (5) notes of the principal amount each of $5,000.00 shall be then unpaid, Construction Company agrees that the payment of said unpaid note or notes shall be accelerated to the extent herein provided, and there shall be applied to the payment of such unpaid note or notes a sum equal to five per cent (5%) of the net profits arising to said Construction Company by reason of future contracts between the said Construction Company and said Gas Company, and/or its associated or affiliated companies, as hereinafter designated.

"The term 'net profits' as herein used shall be construed and intended to be that sum of money which remains from the contract price, plus extras or other compensation received by Construction Company, from any such contracts, less the actual cost of such construction work to Construction Company. To determine actual cost there shall be included all items necessarily paid for material, labor, a fair but conservative amount of allowance for depreciation upon equipment and machinery, material, supplies, freight and all

An agreed statement of facts has been filed, and it is stipulated that if plaintiff is entitled to recover, the amount thereof shall be $7,000. It is further stipulated that the construction contracts described in plaintiff's petition are within the scope of the contract sued on herein.

The determination of the case is reduced to a single question, and a judicial construction of the contract is determinative of it. It is contended by plaintiff that the contract provides, and it is entitled to recover, thirty per cent of the profits as defined by the contract, upon each construction contract awarded the defendant by plaintiff during the term of six years, but that the ultimate amount to which plaintiff is entitled is $50,000. It is insisted that the contract provides for a contingent liability of defendant, having a limitation of $50,000, but contains an express obligation to pay thirty per cent upon each contract separately until such thirty per cent shall equal $50,000. In the event a loss is sustained upon one or more of the contracts, but profits are realized upon one or more of said contracts so awarded during the six year term, that plaintiff would be entitled to thirty per cent of the profits realized, without any deduction being made therefrom on account of losses sustained, but the limitation of such payments being $50,000, defendant construes the contract, and urges, that its liability is contingent upon plaintiff awarding to it contracts during the six year term, which will entitle it to make profits in an amount sufficient to pay plaintiff thirty per cent thereof, when such thirty per cent equals or exceeds $50,-000. In other words, the defendant's position is that if contracts are not awarded to it which produce a profit, thirty per cent

other charges necessarily incurred and paid in connection with said work, and there shall be included also salary to O. E. Dempsey or other general manager during the actual time engaged upon such particular contract, and/or contracts, at the rate of not to exceed $500.00 per month; to one office manager salary for such period at the rate of not to exceed $500.00 per month; to one accountant or bookkeeper during such period salary at the rate of not to exceed $350.00 per month; and to one stenographer during such period salary at the rate of not to exceed $200.00 per month. For determining net profits Gas Company may inspect books of Construction Company, on any such contract.

"Third: It is agreed that Construction Company will, when given an opportunity, make a bona fide, legitimate bid in the usual manner, and a bona fide effort to secure the construction contracts hereafter to be let by Gas Company or any of its subsidiaries, associated or affiliated companies, as hereinafter designated, at a reasonable margin of profits. Construction Company also agrees that it will, where competitive bidding is not called for, do such construction work for Gas Company or said subsidiaries or associated or affiliated companies, as hereinafter designated, if any such be desired, for a reasonable and rulable price or upon a reasonable or rulable cost plus basis, if any such company should within the time hereinafter mentioned, so elect to have work done.

"The words subsidiaries and affiliated companies and associated companies as herein intended, shall include Arkansas Fuel Oil Company, Arkansas Natural Gas Company, Texas-Empire Company, Empire Oil and Refining Company, American Pipe Line Company, Indian Territory Illuminating Oil Company and its subsidiaries, Gas Service Company and subsidiaries, and such other affiliated companies as Cities Service Company does now or may within six (6) years own a controlling stock interest therein directly or indirectly.

"From the net profits, as received from said contracts, Construction Company agrees to apply five percent (5%) to the liquidation of the negotiable notes absolutely payable as aforesaid to be applied as designated by Gas Company either to the newest, the oldest or the intermediate note unpaid and an additional twenty-five percent (25%) upon the contingent obligation aforesaid and when either the said absolute obligation or the contingent obligation aforesaid is extinguished then thereafter there shall be applied to the remaining obligation or obligations net profits to the extent of thirty .percent (30%) upon the Contracts or work aforesaid.

"Fourth: It is agreed that if Contracts for construction work sufficient to discharge said contingent indebtedness, be not awarded to or entered into with Construction Company within the period of six (6) years from the date hereof and such failure shall not arise because of the fault of Construction Company, then all liability of Construction Company for the said sum of $50,000.00, contingently owing as herein provided, shall be terminated and no further liability shall persist in favor of Gas Company against Construction Company thereon."

of which amounts to $50,000, that nothing is due plaintiff. It is further insisted that a fund was required to be set up on defendant's books, but if the fund, computed upon thirty per cent of the net profits upon such construction contract, does not amount to $50,000 during the six year term, that plaintiff is entitled to no part of it. It is conceded that construction contracts have been awarded defendant by plaintiff, but that thirty per cent of the profits therefrom have not amounted to $50,000 during the six year term.

▮ A consideration of the contract compels a construction thereof as urged by the defendant. The contract must be construed as a whole and the intention is to be collected from the entire instrument and not from detached portions. The various parts of the contract must be considered in order to determine its meaning, and individual paragraphs or clauses, or particular words, must be considered in connection with the other part of the agreement, and if possible, every part of the contract will be given effect. The following cases announce the above rules of construction of contracts: Lamont Gas, etc., Co. v. Doop & Frater, 39 Okl. 427, 135 P. 392; Kansas City Bridge Co. v. Lindsay Bridge Co., 32 Okl. 31, 121 P. 639; Tecumseh. v. Burns, 30 Okl. 503, 120 P. 270; Farmers' Nat. Bank of Tecumseh v. McCall, 25 Okl. 600, 106 P. 866; Union Trust Co. v. Shelby Downard Asphalt Co., 55 Okl. 251, 156 P. 903; Brown v. Coppadge, 54 Okl. 88, 153 P. 817.

The Statutes of Oklahoma provide for the construction of contracts as follows: that the whole of the contract is to be taken together, so as to give effect to every part, if reasonably practicable, Sec. 9465, O.S.1931, 15 Okl.St.Ann. § 157; that the intention of the parties is to be ascertained from the writing alone, if possible, Sec. 9463, O.S.1931, 15 Okl.St.Ann. § 155; and in cases of uncertainty the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist, Sec. 9478, O.S.1931, 15 Okl. St.Ann. § 170.

It is unnecessary to interpret the contract against either of the parties hereto, because the contract shows the intention of the parties, and is sufficiently plain in its terms to do so without the necessity of ascertaining the intention of the parties other than from the writing itself.

The portion of the contract most strongly supporting the contention of plaintiff is the last paragraph of the third division, which provides that from the net profits, as received from said contract, defendant agrees to apply five per cent to the liquidation of the negotiable notes absolutely payable, and an additional twenty five per cent upon the contingent obligation. This indicates that the profits, as received, shall be applied upon the absolute and contingent obligations. The five per cent was applied to the payment of the notes, but the twenty-five per cent was not applied upon the contingent obligation. The notes were absolutely payable, and the five per cent was paid thereon, while the liability of $50,000 was contingent and not absolutely payable, and no payments were made thereon. It is further insisted by plaintiff that the contract provides that a portion of the profits shall be payable to the plaintiff to the extent of the sum of $50,000, which sum is contingently payable, and that such expression is a limitation upon the amount payable contingently. Portions of the contract cannot be singled out, but the same must be considered as a whole. With this in mind, it should be noted that in the paragraph of the contract where a portion of the profits is limited to $50,000, there is stated, "that the obligation of said Construction Company to pay said $50,000.00 is contingent", and in the same paragraph it is again referred to as "the said $50,000.00". In paragraph numbered Fourth, the sum is referred to again as "said sum of $50,000.00". This clearly indicates that the parties were dealing with a sum of $50,000 and not a lesser sum.

The action of the parties in paying five per cent of the profits upon the five notes, and not making the payments upon the contingent liability, is not inconsistent with the construction being placed upon the contract, for the reason that the five per cent payments were made upon absolute liabilities, and although the contract provided for an acceleration of the notes to the extent of the five per cent of net profit payments, still such a requirement of the contract is not antagonistic to the obligation to pay $50,000 contingently. As two different and separate liabilities are involved, and as the contract expressly provided for the payment of the five per cent

upon the note liability, there is nothing in the contract to show, except by singling out the provision, and by inference, that because the five per cent was absolutely payable, even if it accelerated the payment of the notes, that the contingent sum was also payable at the rate of twenty-five per cent of such net profits.

Paragraph numbered Fourth of the contract is probably conclusive of the question involved herein. It has been considered in construing the contract as a whole, and has compelled the interpretation given to the contract. Even if doubt existed with respect to the other provisions, it should be concluded that paragraph numbered Fourth is a qualification upon the other provisions of the contract. It is in the nature of a condition subsequent, and operates to defeat or annul the contingent obligation to pay $50,000 upon the subsequent failure of compliance with the condition imposed, to-wit, the awarding of construction contracts during the six year term, resulting in net profits to the defendant, thirty per cent of which shall equal $50,000. The fourth paragraph expressly stated that if contracts (plural) for construction work sufficient to discharge said contingent indebtedness, be not awarded to the defendant within the six year period, then all liability of the defendant for said sum of $50,000, contingently owing, shall be terminated and no further liability shall persist in favor of the plaintiff and against the defendant. It is clearly stated that if the condition is not fulfilled, to-wit, the granting of contracts and the earning of a profit sufficient to discharge the contingent indebtedness is not awarded during the six year term, then the liability of the defendant for the sum of $50,000 shall be terminated. It must therefore be concluded that the contract contemplated a contingent liability of $50,000, and not a liability for a portion thereof.

As a profit from such construction contracts during the six year term was not realized, thirty per cent of which equalled $50,000, the plaintiff is not entitled to a recovery herein.

Judgment may be entered for the defendant.